STATE OF MAINE                                SUPERIOR COURT
Penobscot, SS.                                Docket No. CV-2015-0046


Beth McPherson,                        )
                    Plaintiff,         )
                                       )
                                       )
        v.                             )        Decision and Order
                                       )
                                       )
Penobscot Aerie No. 3177 FOE,          )
                    Defendant.         )


## Introduction

Plaintiff seeks relief for gender discrimination in violation of the Maine Human Rights Act. Her complaint presents two grounds for relief in a single count: first, that she was subjected to sexual harassment while employed by Defendant and, second, that her employment was terminated on impermissable gender-based grounds. Trial was held on May 10 and May 25, 2016. The court heard testimony from Plaintiff, Martin Panther, Howard Barnett, George Crouse, Kathy McDonald, and Lawrence Dawson. Following trial, counsel submitted written arguments.

The court thanks counsel for an efficient presentation at trial and for helpful post-trial memoranda. The case is now in order for decision.

## Evidentiary Ruling

Before Plaintiff filed her complaint, her concerns were brought to the attention of the Maine Human Rights Commission (MHRC). At trial, the court accepted de bene Defendant's Exhibit 1 (the MHRC investigator's report) and Exhibit 2 (the MHRC's Statement of Finding). Following review of the exhibits and counsel's arguments, the court excludes the contents of both exhibits as inadmissable hearsay not subject to the business records exception. M.R.Evid. 803 (8); Tiemann v. Santarelli Enterprises, Inc., 486 A.2d 126, 131 (Me. 1984). Both exhibits are admitted for the limited purpose of proving Plaintiff's compliance with the Maine Human Rights Act. 5 M.R.S. § 4622.

## Analysis

Defendant hired Plaintiff as assistant manager of its operation in Brewer, Maine, in February, 2011. The club provides a social setting for, among other activities, consumption of alcoholic beverages. Plaintiff worked under the manager, Charles Duncan, until he departed in December of 2011, at which time Plaintiff was hired to succeed him as manager. Plaintiff's employment was terminated at a meeting of Defendant's Board of Trustees in January of 2013. Immediately thereafter, her position was filled by a man.

1

- **Gender Discrimination**

Plaintiff argues her claim for gender discrimination is established by both direct and circumstantial evidence. The court first considers the circumstantial claim, which is more difficult to establish. In a case based on circumstantial evidence, a plaintiff must fulfill an initial burden to show the following:

1. She belongs to a protected class;
2. She performed her job satisfactorily;
3. She suffered adverse employment action; and
4. The employer continued to have the duties performed by a comparably qualified person (or still needed to have the duties performed).

**Patten v. WalMart**, 300 F.3d 21, 24-25 (1⋅ Cir. 2002).

In this case, factors 1, 3, and 4 are not in dispute: Plaintiff is a woman, she was fired from her job, and the duties were immediately assumed by a man. She testified that she fulfilled all of her employment duties and supported her claim with a favorable written review of her performance as assistant manager (Pl. Ex. 5) as well as with the absence of any adverse reviews or job actions during her tenure as manager.

In addition to her own testimony, Plaintiff called as witnesses Mr. Panther and Mr. Crouse who, as members of the Board of Trustees, were involved in her dismissal. Mr. Panther testified that during Plaintiff's tenure as manager Trustee Leo Cookson made frequent, negative, gender-based comments about her job performance. He further testified that the board voted a number of times during 2012 on the issue of whether Plaintiff should be retained in her position. These votes resulted in repeated 3 to 2 decisions to retain Plaintiff. At the meeting in which Plaintiff's employment was actually terminated, Mr. Crouse left the meeting because he did not agree with the decision he thought was about to be made. Although the vote was recorded as having been unanimous, Mr. Panther testified no actual vote had been taken; instead, he said, the trustees had "thrown up their hands."

Based on the above, Plaintiff has fulfilled her initial burden of establishing gender discrimination. The burden therefore shifts to Defendant, to establish gender-neutral reasons for its action.

Defendant's proposed gender-neutral reasons for Plaintiff's termination are not persuasive. All are undermined by the absence of any evidence showing an adverse job review or job action during Plaintiff's tenure as manager. She was never warned, disciplined, or offered a plan of remediation for any alleged shortcomings in her performance.

One of Defendant's asserted reasons for Plaintiff's termination arose from an event in which two bands showed up at the club to play at the same time on a Friday evening. Notwithstanding that the error lay with one of the bands, which had gotten the date wrong, Plaintiff was thereafter required to work on Friday and Saturday evenings to

2

prevent a recurrence. Plaintiff thought this was unnecessary and resisted the directive. She did, however, comply for a month. In the absence of any written record to the contrary, Plaintiff's version of the resolution of this dispute, that after about a month she was allowed to revert to her former schedule, is more persuasive than Defendant's version, which is that Plaintiff simply refused to work the new schedule.

Defendant's second asserted reason is that Plaintiff was sometimes drunk on the job. The evidence on this subject was murky at best. Plaintiff is a member of the club and, given the dispute outlined in the preceding paragraph, might have been present as a member on nights in which one or more trustees thought she should have been working. Further, there was undisputed testimony that another member of the board actually bought a drink for Plaintiff during working hours (Plaintiff testified she took one sip, then declined the drink). Finally, once again, there was no evidence of any disciplinary action having been taken.

Defendant's final asserted reason, that the club was suffering financial hardship from Plaintiff's mismanagement, was unsupported by any documentation. To the extent any such erosion in receipts may have occurred, it was explained by increased competition from Hollywood Slots and other venues competing for the same business.

Plaintiff was a good witness. Mr. Panther carried considerable baggage both from his own disputes with Defendant and from his own harassing actions toward Plaintiff (see below). His current zeal for Plaintiff's cause is disproportionate to his alleged efforts to support her during the meeting in which she was fired. The court concludes on the whole, however, that Mr. Panther's version of the terms in which Plaintiff was discussed at board meetings was truthful.

Based on all of the above, Plaintiff has fulfilled her burden of proof. The same conclusion results when her claim is analyzed in terms of direct evidence of a discriminatory motive. References to Plaintiff's gender in meetings of the trustees, in conjunction with complaints about her job performance, establish that Plaintiff's termination was based at least in part on her gender. **Febres v. Challenger Caribbean Corp.**, 214 F.3d 57, 60 (1ᵗ Cir. 2000). Based on all the evidence presented, the court does not believe Dafendant would have taken the same action had Plaintiff been a man. *See* **Patten**, 300 F.3d at 25.

Analyzing the evidence in terms of either direct or circumstantial proof, the court concludes Plaintiff has established her employment was terminated as a result of gender discrimination.

- **Sexual Harassment**

To prevail on her second theory of recovery, Plaintiff must prove six things. **Watt v. Unifirst Corp.**, 2009 ME 47 ¶ 22 (internal citations omitted). Each is examined in order.

1. She must prove she is a member of a protected class. Plaintiff is a woman and therefore has established this element.

3

2. She must prove she was subject to unwelcome harassment. Plaintiff testified she was subjected to sexually provocative inquiries and directives from two members of the Board of Trustees (including "Are we going to get naked?" and "Get on your knees" as well as repeated requests for a kiss and a reference to kissing in front of a third party). One trustee, Mr. Panther, acknowledged his role in some of these events. Another trustee denied the events had occurred. In support of its denial that the events occurred, Defendant provided evidence of its well-articulated and publicized prohibitions of this type of conduct. (Defendant's policy is discussed further below.) Notwithstanding the policy, the court finds, based on the weight of persuasive testimony, that the events did occur. Plaintiff has proved this element of her claim.

3. Plaintiff must prove the offensive conduct was based on sex. If the events occurred, as the court concludes they did, they were unambiguously based on Plaintiff's gender.

4. She must show the events were severe enough to alter the conditions of employment and create an abusive environment. Plaintiff's testimony that she found the conduct distressing was persuasive. The court concludes the degree of distress the conduct generated altered the conditions of Plaintiff's employment and, particularly because it was caused by the trustees who had the authority to hire and fire her, created an abusive environment.

5. Plaintiff must show the conduct was both objectively and subjectively unreasonable. The court concludes it was both.

6. She must prove that there is a basis for employer liability. The evidence shows, as noted above, that Defendant has an explicit policy prohibiting sexually harassing behavior. The prohibition is posted prominently within the club's physical plant. The prohibition is enforceable by a conscientiously designed process for challenging and alleviating such conduct. The court does not doubt the sincerity of the policy or that Defendant's membership as a whole disapproves of harassing conduct. The evidence shows, however, that the policy was not effective in preventing the conduct directed toward Plaintiff. She was not legally required to employ Defendant's internal process in order to file her civil action. Her failure to do so is understandable, given that both of the men bothering her were members of the Board of Trustees charged with responsibility for enforcing the policy. *See* **Chamberlin v. 101 Realty, Inc.**, 915 F.2d 777, 784 (1st Cir. 1990). Further, the court notes that Plaintiff did not resign her position and complain of harassment later (although she may have developed a bad attitude: the evidence suggests she made an obscene and combative comment after after being told the trustees wanted her to resume working on Friday and Saturday evenings). Instead, Plaintiff's complaints emerged only after Defendant had fired her.

Plaintiff has proved all six elements of her claim for sex discrimination.

4

## Damages

Following her discharge, Plaintiff was unable to secure employment that paid her at the rate she received as Defendant's manager. Her damages for lost earnings were shown to far exceed the statutory maximum of $20,000. She is therefore entitled to an award in that amount. She is also entitled to an award of legal fees.

## Order

Following assessment of legal fees, judgment shall enter in Plaintiff's favor in the amount of $20,000. Plaintiff's counsel shall submit an affidavit supporting her claim for legal fees no later than 21 days from the date of this order. Defendant's counsel may respond within ten days thereafter.

The clerk is directed to incorporate this order on the docket by reference.

Dated: August 9, 2016

Bruce C. Mallonee
Justice, Maine Superior Court

Date entered on Civil Docket: 8/18/16

5